IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARISSA GARNETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-3366-M (BF) |
| § | |
| FEDERAL HOME LOAN MORTGAGE, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge follow:

**Procedural History**

Plaintiff Carissa Garnett ("Plaintiff") sued Defendant Federal Home Loan Mortgage ("Defendant") in the Dallas Count Court at Law No. 3, Dallas County, Texas, to vacate a foreclosure for "Constructive Fraud, Violation of the RESPA Act, RICO Violations, Conspiracy, Wrongful Foreclosure, and NBA Violations." On December 6, 2011, Plaintiff removed the action to federal district court. The court now determines that removal is improper and that the case should be summarily remanded.

**Analysis**

Federal law permits the removal of a variety of state court actions to federal court. *See, generally* 28 U.S.C. §§ 1441-1446. However, the right to remove a case to federal court is limited to defendants. *See, e.g. Kennedy v. Breidenbach,* No. 4-06-CV-584-Y, 2006 WL 2583148 at *1 (N.D.Tex. Sept.6, 2006), *citing Chicago, R.I. & P.R. Co. v. Stude,* 346 U.S. 574, 580, 74 S.Ct. 290,

294, 98 L.Ed. 371 (1954) ("[T]he right of removal provided by statute is only available to defendants, and a plaintiff may not remove an action from state court."); *Horton v. Nacogdoches Independent School Dist.,* 81 F.Supp.2d 707, 710 (E.D.Tex.2000) ("While it is a plaintiff's prerogative to choose the initial forum for his suit, once he files in state court there is no valid authority providing plaintiffs the power of removal to federal court."). Plaintiff is attempting to remove a case she filed in state court to federal court. This action should be summarily remanded to state court because there is no legal basis for a plaintiff to remove her own case

## RECOMMENDATION

This case should be summarily remanded to the County Court of Law No. 3, Dallas County, Texas. All pending motions should be denied as moot.

SO RECOMMENDED, December 19, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).